CLYDE HENDRIX and E. J. KENNON v. STATE.

187 So. 590.
Opinion Filed March 21, 1939.

*Watt Lawler and Louis ·O. Gravely,* for Plaintiffs in
Error;

*George Couper Gibbs,* Attorney General, and *Tyrus A.
Norwood, T. J. Ellis,* Assistant Attorneys General, for the
State.

PER CURIAM—The writ of error brings for review judg-
ments of conviction of the larceny of a hog.

The information described the hog, viz.: "one hog, to-
wit: one red sow about 3 yrs. old marked crop in left ear
and split in right ear, of the property of Whitney Cypress."

The evidence is sufficient to meet the descriptive allega-
tions in the information. The evidence has been examined
and found sufficient to support the judgments.

During the process of the trial the following occurred:

"Mr. Stubbs: Mrs. Carson brought here this sow and

this sow is for the purpose of allowing the jury to view this sow, and I move the Court that you allow the jury to view this hog.

"Mr. Lawler: I have no objection to the jury viewing the hog, but as the defense has put on no witness at this time we will certainly ask that the hog be kept here in order that the witnesses that may be put on might identify the hog. The defendant at this time objects to the jurors viewing the hog unless there is a guarantee on the part of the state that they will have this hog present in court when the case is resumed and defense places witnesses on the stand in order that they may be able to view the hog and testify as to the same hog.

"The Court: Sheriff, will you take the jury down to where the hog is now located and let them look her over? Thereupon the jury proceeded to a view of the hog in question, and having returned to the court room, were again taken from the court room and out of their presence and hearing the following proceedings were had. Comes now the defendant Hendrix and the defendant Kennon, after the jury has been allowed to view the hog over the objection of attorney for the defendants, and move the court for a mistrial herein for the following reasons; to-wit: that the state witness, Frank Brown, while the jurors were viewing the hog, and in the presence of one or more jurors, explained to the jurors without the court present, that the marks on the hog, and pointing to said marks, were the marks that he had testified about on the stand, and we offer testimony to prove such motion. Motion overruled. To which ruling and decision of the Court the defendants by counsel did then and there except. Thereupon the jury was called into court and in their presence and hearing the following proceedings were had:

"Mr. Lawler: Will the court allow me to put Frank Brown on the stand?

"The Court: We can do that in the morning as well as now. Thereupon court was recessed to the following morning, at which time, the jury being present, the State to further maintain the issues on its behalf produced and caused to be sworn as a witness Mrs. Heronima Carson, who testified as follows:"

After the introduction of further testimony, the following occurred:

"Whereupon the State rested its case.

"Thereupon the jury was taken from the court room and out of their presence and hearing the following proceedings were had.

"Comes now the defendant E. J. Kennon and moves the court to direct a verdict of not guilty as to this defendant in this case for the following reasons, to-wit: 1st. the state has totally failed to prove the defendant guilty as charged in this information. 2nd. that there are no facts given to the jury in this case on which a verdict of guilty could be based. Next: for the reason that the state has failed to prove beyond a reasonable doubt the guilt of this defendant as charged in the information. Motion overruled: To which ruling and decision of the court the defendant by counsel did then and there except. Comes now the defendant Clyde Hendrix and moves the court for a directed verdict herein for the following reasons, to-wit: 1st. the state has totally failed to prove a case against this defendant. 2nd. that the state has failed to prove the allegations charged in the information. Next. This defendant is charged with the larceny of one red sow and the testimony proves that the sow testified about is a red, black spotted, listed sow with white feet. Next. That there is no testimony in this case connecting this defendant with the larceny

of any sow at any time. Next. That the testimony of the person charged to be the owner of the sow in question has testified so as to show positively that the sow upon which we are being tried is not the sow about which the prosecuting witness testified. Motion overruled. To which ruling and decision of the Court the defendant by counsel did then and there except. Thereupon the jury was returned into open court and in their presence and hearing the following proceedings were had.

"Mr. Lawler: Before putting on the defense's case the defense is ready to offer testimony in support of its motion for a mistrial as made yesterday, if the court desires and will permit the same.

"The Court: The court has already overruled the motion. To which ruling and decision of the court the defendants by counsel did then and there except."

After conviction, defendants interposed motion for new trial which, *inter alia,* contained the following:

"During the trial of said cause and before the State of Florida had rested its case, and after the State witness Frank Brown had been sworn and testified in behalf of the State of Florida, the Court upon request of the State and over objection of the defendant did permit the jury in said cause to leave the court room and court house to view the hog, that was the subject matter of the larceny as charged against this defendant, that said hog was at that time on a truck parked in a street in LaBelle, Hendry County, Florida, adjacent to said Court House, That the Court did allow said jury aforesaid to view said hog as above set out, and that while said jury was viewing said hog and before the Judge of said Court had arrived at the place where said hog was located, the witness Frank Brown did point out to some of the jurors the mark on said hog and explain to said juryman or jurors as to what he had testified about.

"VI. During said trial the jury was permitted on request of the State to leave the court room and Court House to view the hog that was charged the defendant in this case had stolen, and that during the time said jury was viewing said hog, one Frank Brown, a State witness, who had previously testified in said cause did point out to one or more of said jurors said hog and did attempt to explain to said juror or jurors the testimony he had heretofore given in said cause.

"VII. During said trial the Court at the request of the State and over the objection of Attorney for defendant did allow and permit the jury in said cause to leave the court room and Courthouse and view the hog that this defendant was charged with having stolen, and did not before said jury so left the court room and Court House instruct either the jury or the bailiff of said jury as what should be done during said viewing of hog, or as to how either the bailiff or said jury should conduct themselves.

"VIII. A juryman, to-wit: Floyd Luckey, who was a member of the jury that tried this defendant at the time he served as a juryman was a constable in Hendry County, Florida. And further that the defendant and his counsel was ignorant of said fact, until after said jury had been empanelled and the trial in said cause had been begun, that had such knowledge been in their possession such juryman would have been challenged."

To the motion an affidavit was appended, as follows:

"Before me the undersigned authority personally came Watt Lawler, who being first sworn says that he is Attorney for the defendant in above styled cause and was during the trial of said cause, that he was present when the court permitted the jury at the request of the State to view the hog this defendant is charged with having stolen, and further that the witness Frank Brown had testified for the State before the jury was sent to view the hog. Further that he

was present when the jury arrived at the place the hog was, that Frank Brown did point out to one or more of said jurymen said hog pointing to the marked ear of said hog and explain or attempt to explain to said juror or jurors his testimony as previously given in said cause, when said witness was attempting to point out said hog to said juror or jurors, the affiant did look for the Judge of this Court to object to such procedure, and saw the said Judge crossing the street coming to the place where said hog was located, and affiant did immediately call such conduct to the attention of said Judge and the witness Frank Brown did then and there say that he was only telling and showing them as to some of the things he had testified about.

"Further affiant says that he is informed that the juryman Floyd Luckey is a constable in Hendry County, Florida, and that said fact was not known to him, and the defendant informs the affiant that said fact was not known to him, until after the empanelling of the jury in this cause, and had this fact been known said juryman would have been challenged."

Like motion and affidavit was filed on behalf of defendant Kennon. On this motion the Court took testimony and, after hearing and considering the same, made and entered the following ruling:

"The Court: The Court is of the opinion that the allegations of the motion are not so sustained as to warrant the setting aside of the verdict in this case and therefore the motion for new trial will be overruled and denied. Whereupon the Court made the following order upon the defendant's motions for new trial:

" 'Upon hearing of proof offered by respective parties and consideration of the same, the motions for new trial are overruled and denied.' "

It is not shown that any prejudice occurred to the rights of defendants by reason of the irregularity complained of

and we hold that the Court committed no reversible error in this regard.

On consideration of the entire record, we find no reversible error and, therefore, the judgments should be affirmed.

So ordered.

Affirmed.

TERRELL, C. J., and WHITFIELD, BUFORD, CHAPMAN and THOMAS, J. J., concur.

BROWN, J., dissents.