JOHNSON, Judge.
Appellant was convicted on a charge of robbery and has appealed from his judgment and sentence thereon.
The questions presented to us on appeal are 1) whether the trial judge improperly admitted a photograph in evidence and 2) whether the trial judge erred in refusing to grant a mistrial after it was learned that one of the jurors was related to a witness for the prosecution.
As to the admission of the photograph we find no reversible error. The photograph purported to depict a police line-up in which the appellant appeared and was identified by the victim of the robbery as the person who committed the robbery. At the trial it was brought out •that the victim of the robbery viewed the line-up through a two way mirror whereas the photograph was not taken through a two way mirror. During his testimony at the trial the victim of the robbery positively identified the appellant as the one who robbed him. A police officer testified that the victim identified the appellant in the police line-up as the robber. The photograph was then sought to be introduced in evidence and was so admitted over the objection of defense counsel. We find no abuse of discretion by the trial judge in allowing said photograph in evidence as same was merely cumulative evidence that a police line-up was held, that appellant appeared in the line-up and was identified by the victim at the lineup.
The next point appellant raises is the failure of the trial court to grant his motion for mistrial after a juror discovered during the course of the trial that he was related to a witness for the State. During the recess following the testimony of Officer M. L. Jones the juror made known to the trial judge and counsel for the parties that when Officer Jones took the stand he realized that they were first cousins. He explained that on voir dire that he did not recognize that the name read off as “M. L. Jones” was his cousin. Further, he explained that he and his cousin were not close and in fact had not seen each other in four years. The juror stated that the fact of the relationship *491 would not have any bearing on his ability to fairly and impartially weigh the evidence and reach a verdict without regard to his kinship to Jones.
We do not have in the record on appeal a copy of the questions asked the juror on voir dire. However, from the testimony of this juror it seems apparent that the prospective jurors were asked if they were related to someone identified only as M. L. Jones. The name Jones being a very common one and only the initials M. L. given to the jurors, it is understandable that this juror did not connect M. L. Jones as being his cousin whom he had not seen in four years. We think it commendable on the part of the juror to disclose to the court his relationship to the witness after he was aware of same. Under the circumstances in the case at bar we feel that the trial judge did not commit reversible error in not granting defense counsel’s motion for mistrial.
In Loftin v. Wilson, 67 So.2d 185 (Fla.1953) where a juror concealed a matter on voir dire the court quoted with approval the following language from Pearcy v. Michigan, etc., Co., 1887, 111 Ind. 59, 12 N.E. 98, 99, 60 Am.Rep. 673:
“ * * * The examination of a juror on his voir dire has a two fold purpose, namely, to ascertain whether a cause for challenge exists, and to ascertain whether it is wise and expedient to exercise the right of peremptory challenge given to parties by the law.
******
“It is the duty of a juror to make full and truthful answers to such questions as are asked him, neither falsely stating any fact, nor concealing any material matter, since full knowledge of all material and relevant matters is essential to the fair and just exercise of the right to challenge either peremptorily or for cause. A juror who falsely misrepresents his interest or situation, or conceals a material fact relevant to the controversy, is guilty of misconduct, and such misconduct, is prejudicial to the party, for it impairs his right to challenge.”
It cannot be said that the juror here either falsely misrepresented his relationship or concealed his relationship to Officer Jones in his answer to the question as asked on voir dire or that he was guilty of any misconduct. Upon learning during the course of the trial that the M. L. Jones inquired about on voir dire was in fact related to him, the juror with haste made a full, honest and complete disclosure of this fact to the trial judge and counsel. The trial judge questioned the juror as to the effect this kinship would have, and also pointed out that the witness had only testified about the line-up arrangement and the absence of a Miss Elliot, none of which were dealing directly with the crime, only identification of the suspect.
Appellant contends that when the trial judge refused to grant a mistrial he was thus effectively precluded from maybe using a peremptory challenge against the juror if the fact of the relationship had been known during voir dire.
After the discussion with the juror and counsel, in view of the limited testimony of the witness, the trial judge concluded that grounds for a mistrial did not exist and denied the appellant’s motion therefor. We agree with the trial court and find no reversible error.
Affirmed.
WIGGINTON, C. J., and SPECTOR, J., concur.