411 So.2d 165 (1982)
Leslie R. JONES, Appellant,
v.
STATE of Florida, Appellee.
No. 56199.
Supreme Court of Florida.
January 21, 1982.
Rehearing Denied April 8, 1982.
*166 Michael M. Corin, Asst. Public Defender, Tallahassee, for appellant.
Jim Smith, Atty. Gen., and David P. Gauldin, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
This cause is before the Court on appeal from a judgment of conviction of first-degree murder, assault with intent to commit first-degree murder, and robbery, and a sentence of death. We have jurisdiction. Art. V, § 3(b)(1), Fla. Const.

FACTS
Appellant was tried, convicted, and sentenced after this Court reversed his earlier conviction on the same charges and remanded the case for a new trial. Jones v. State, 362 So.2d 1334 (Fla. 1978). The same judge who had previously presided and sentenced appellant to death presided on remand.
The evidence showed that appellant entered a liquor store armed with a .32 caliber pistol. His accomplice Calvin Dugan entered carrying a .38 caliber pistol. Two store clerks, Peter Petros and Dorothy Hagg, were ordered to open their cash registers and then to lie down on the floor. They were then shot. Peter Petros died but Dorothy Hagg survived.
Dorothy Hagg testified that after being ordered to lie on the floor she heard two shots and then felt something pound her head. Although she did not see who fired the shots, she said she knew it was appellant because they came from the location where he was standing.
The medical evidence showed that Mr. Petros' death was caused by a gunshot wound to the back of his head and that Dorothy Hagg was struck by two bullets, one in the arm and chest and the other in the back of the head. A firearms examiner testified that three recovered bullets were .32 caliber. One of the bullets was conclusively shown to have been fired from a pistol recovered from the home of appellant's nephew, where appellant had been staying until the day of the robbery.
Calvin Dugan testified that he heard three shots after leaving the store and that appellant later told him he shot the victims because they recognized him. The state's evidence also included a tape recorded confession in which appellant admitted that he did the shooting. At trial, appellant testified that he participated in the robbery but had entered a back room of the store when he heard three shots.
After the jury was selected and sworn, but before the commencement of the state's case, one of the jurors turned to the victim's daughter, Betty Petros, and asked, "Betty, what are you doing here?" Ms. Petros replied, "I'm a spectator, and I'm not allowed to speak to anyone." The defendant observed this exchange and informed his attorney. Defense counsel brought the matter to the court's attention, and an extensive inquiry was conducted. State and defense counsel were permitted to question both Ms. Petros and the juror. The defendant told the court he saw Ms. Petros speak to a second juror, but she maintained that she spoke only to one juror. The juror told the court she knew Ms. Petros only as Betty, that she was curious about her attendance at the trial, but that she believed she could still be a fair and impartial juror.
The testimony revealed that Ms. Petros and the juror who spoke to her had been school acquaintances ten years earlier but had had no contact whatsoever since that time. The court called several other witnesses to inquire whether anyone could corroborate the appellant's claim that Ms. Petros had exchanged words with a second juror. A bailiff and a person who had been a prospective juror both testified that they saw no such exchange.
Defense counsel moved for a mistrial on the grounds that a juror talked with the daughter of the deceased victim and that there was testimony that another juror also talked with her. The court denied the motion.
After the guilt phase of the trial culminated in a verdict of guilty on all three *167 counts, but before the commencement of the sentencing phase, the defense moved to disqualify the judge from presiding at the sentencing portion of the trial. The ground of the motion was that since the judge had already once sentenced appellant to death, he was prejudiced in favor of a sentence of death. The judge denied the motion saying that his having followed the law in earlier sentencing appellant to death was no ground for a claim of prejudice.

ISSUES ON APPEAL OF THE JUDGMENT OF CONVICTION
Appellant contends that the trial court committed reversible error in its instructions to the jury, by engendering confusion on the issue of separate consideration of each count of the indictment. It was not clear from the instructions, says the appellant, that the jury could acquit on one or more but not all counts of the indictment and find the defendant guilty on others.
The defendant, however, did not object to these instructions. Florida Rule of Criminal Procedure 3.390(d) clearly states that "[n]o party may assign as error grounds of appeal the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects, and the grounds of his objection." Therefore, we decline to consider this issue on appeal.
Appellant contends that the trial court erred in refusing to declare a mistrial after learning that one of the jurors had talked to Betty Petros, daughter of the murder victim. We do not agree. The trial judge held an extensive inquiry into the circumstances of the exchange. He learned that the acquaintance between Ms. Petros and the juror was very distant and determined that the juror was still impartial. The communication between the juror and Ms. Petros did not directly relate to the matters being tried, and certainly did not prejudice the defendant's right to a fair trial. Therefore the court was not obliged to declare a mistrial. United States v. Khoury, 539 F.2d 441 (5th Cir.1976), cert. denied, 429 U.S. 1040, 97 S.Ct. 739, 50 L.Ed.2d 752 (1977); Johnson v. United States, 207 F.2d 314 (5th Cir.1953), cert. denied, 347 U.S. 938, 74 S.Ct. 632, 98 L.Ed. 1087 (1954); Hendrix v. State, 136 Fla. 800, 187 So. 590 (1939). Nor did the acquaintance between the two persons, having been determined to be distant and superficial, require that a mistrial be declared. See Hartley v. State, 214 So.2d 489 (Fla. 1st DCA 1968). We find no abuse of discretion.
Appellant contends that the trial judge erred in refusing to disqualify himself from participation in the sentencing phase of the trial. Appellant filed his motion, based on the judge having previously sentenced him to death, at the beginning of the sentencing hearing, after the judge had presided over the guilt phase of the trial.
Florida Rule of Criminal Procedure 3.230(c) provides: "A motion to disqualify a judge shall be filed no less than 10 days before the time the case is called for trial unless good cause is shown for failure to so file within such time." Appellant's motion was untimely since no good cause was shown for not having filed it ten days before the trial. Sentencing in capital felony cases is based on facts established at the guilt phase of the trial as well as those brought out at the sentencing phase. § 921.141(3), Fla. Stat. (1977). It is therefore highly desirable that the same judge preside over both. The sentencing judge should be aware of all the relevant facts and circumstances. A motion to disqualify a judge on the ground of prejudice that may affect sentencing should be filed before commencement of the guilt phase of the trial so that a new judge, if one is to be designated, may preside over the trial from start to finish and participate in sentencing. Since the motion in this case was not based on anything that happened during the trial, there was no reason for it not to have been filed ten days before the trial began. Moreover, appellant's motion merely stated conclusions and therefore lacked legal sufficiency. We therefore hold that the denial of the motion was not error.
*168 Since we find no merit in any of appellant's contentions that are properly before us, we affirm the convictions.

SENTENCE
Appellant contends that his sentence of death must be vacated because of improper comments of the prosecutor in his argument in the sentencing proceeding. Appellant argues that the prosecutor's reference to the murder as one of the most serious and heinous crimes ever committed in the county was unsupported by evidence and inflamed the jury to appellant's prejudice. Appellant is precluded from presenting this argument since he failed to object to the comments at trial. Gibson v. State, 351 So.2d 948 (Fla. 1977), cert. denied, 435 U.S. 1004, 98 S.Ct. 1660, 56 L.Ed.2d 93 (1978); State v. Jones, 204 So.2d 515 (Fla. 1967).
Appellant contends that the trial judge erred at the penalty phase of the trial by not instructing the jury that the mitigating circumstances it could consider were not limited to those listed in section 921.141(6), Florida Statutes (1977). While such an instruction would be consistent with our case law, Songer v. State, 365 So.2d 696 (Fla. 1978) (on rehearing), cert. denied, 441 U.S. 956, 99 S.Ct. 2185, 60 L.Ed.2d 1060 (1979), and would elucidate the Florida Standard Jury Instruction given in this case, its omission does not require resentencing. The judge instructed the jury that its recommendation should be based on all the evidence presented. At the penalty phase, appellant's sister testified in his defense. No limitations were placed on the kinds of matters about which she was allowed to testify.
The judge's instructions followed the statute in telling the jury that the aggravating circumstances were limited to those enumerated in the statute. In instructing on mitigating circumstances, the judge did not say that consideration was similarly limited. By these instructions the jury was properly apprised of its role and duty in recommending a sentence.
We come now to consideration of the propriety of the sentence of death. At trial, appellant admitted to participating in the robbery but denied participating in the shooting. As discussed previously, however, there was competent, substantial evidence upon which basis the judge and jury could conclude that appellant committed the murder with premeditation.
At the penalty phase of the trial, the state proved that appellant had previously been convicted of robbery in New Mexico and that he was on parole at the time of the murder. The judge found as aggravating circumstances that the capital felony was committed by a person under sentence of imprisonment, § 921.141(5)(a), Fla. Stat. (1977), that appellant had previously been convicted of a felony involving the use or threat of violence, id. § 921.141(5)(b), that the capital felony was committed during the course of a robbery, id. § 921.141(5)(d), that the capital felony was committed to disrupt or hinder the lawful exercise of any governmental function or the enforcement of laws, id., § 921.141(5)(g), and that the capital felony was especially heinous, atrocious, or cruel. Id. § 921.141(5)(h). The judge found that there were no mitigating circumstances.
Under the established precedent interpreting the capital felony sentencing law, the finding that the appellant was under sentence of imprisonment when he committed the murder is supported by the evidence that he was on parole at that time. Straight v. State, 397 So.2d 903 (Fla. 1981).
The finding that the appellant, at the time of the murder, had previously been convicted of a felony involving violence or the threat of violence is supported by the evidence of his conviction for robbery. The finding that the murder was committed in the course of a robbery was also proper based on the evidence. The finding that the capital felony was committed to disrupt government or law enforcement is supported by evidence showing, as the judge found, that the appellant shot the victims in order to eliminate them as witnesses against him for the crime of robbery.
*169 The finding that the murder was especially heinous, atrocious, or cruel was supported by the evidence that appellant, ignoring the victim's plea to be spared, shot him to death point-blank, in the style of an execution.
There are several aggravating circumstances, properly established by the evidence. There are no mitigating circumstances. The jury recommended death. Under these circumstances, death is the appropriate penalty.
The judgment and sentence are affirmed.
It is so ordered.
SUNDBERG, C.J., and ADKINS, BOYD, OVERTON, ALDERMAN and McDONALD, JJ., concur.