412 So.2d 970 (1982)
James M. JORDAN, Appellant,
v.
STATE of Florida, Appellee.
No. 81-1804.
District Court of Appeal of Florida, Second District.
April 21, 1982.
Jerry Hill, Public Defender, Bartow, and Robert F. Moeller, Asst. Public Defender, Tampa, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Michael A. Palecki, Asst. Atty. Gen., Tampa, for appellee.
*971 HOBSON, Acting Chief Judge.
James Jordan appeals the revocation of his probation based upon his failure to file his monthly reports to his probation officer in a timely fashion. Appellant was charged with two violations. However, one was not established and the aforementioned violation was technical. We reverse.
Appellant was placed on probation for the offense of possession of cocaine. During the probationary period the affidavit for violation of probation charged that three of his monthly reports were received after the date each was due. The other alleged violation was delivery and possession of marijuana.
At appellant's probation revocation hearing, appellant stated that he had been in the hospital in December, that he had notified his probation officer of that fact and it had caused the delay in the filing of his reports for the next three months. The probation officer stated that the late reports did not mention the surgery but the judge stated he would assume appellant was in the hospital in December.
Inasmuch as the allegations charging delivery and possession of marijuana were neither admitted nor proved, the trial court could not base the revocation of appellant's probation upon such a finding. Further, while it is undisputed that appellant filed his three monthly reports a total of eleven days late, it was not a substantial or willful violation of probation. McKeever v. State, 359 So.2d 905 (Fla. 2d DCA 1978). Accordingly, the order of revocation of probation is reversed.
BOARDMAN and DANAHY, JJ., concur.