LEHAN, Judge.
James Jordan appeals the denial of his motion • for disqualification of the trial judge filed pursuant to Florida Rule of Criminal Procedure 3.230 and the subsequent order revoking appellant’s probation, adjudicating him guilty, and imposing sentence. We reverse.
Appellant was charged by information on May 11, 1977, with possession of cocaine. Appellant later pleaded guilty to the charged offense, and on January 20, 1978, the trial court withheld adjudication and placed appellant on probation for five years. Condition two of the probation required appellant to make monthly reports to his probation supervisor, and condition four required him to remain at liberty without violating any law.
An affidavit for violation of probation was filed on June 12, 1981, alleging appellant had made late monthly reports on three occasions and had also been charged with possession and delivery of marijuana. Probation revocation hearings were held before the trial court on June 19 and 26,1981. Appellant was represented at both hearings by an assistant public defender.
At the June 19 hearing appellant entered a plea of not guilty to violating the terms and conditions of his probation. However, at the June 26 hearing the court only addressed the matter of appellant’s alleged failure to file timely monthly reports. After receiving testimony from the probation supervisor and appellant, the court found appellant guilty of violating condition two, adjudicated him guilty, and sentenced appellant to five years, with credit for time served. No evidence was presented regarding the other alleged violation of probation (marijuana possession and delivery) at either the June 19 or June 26 hearing, and the court did not find appellant guilty of this alleged violation.
In Jordan v. State, 412 So.2d 970 (Fla. 2d DCA 1982), this court reversed the revocation of probation because we found the alleged failure to file timely monthly reports was only a “technical” and not a *187 “substantial or wilful violation of probation.” Id. at 971.
Our mandate in the first appeal was issued May 7,1982, and received by the clerk of the circuit court on May 10,1982. However, on May 6, 1982, one day prior to the issuance of our mandate, an amended affidavit for violation of probation was filed alleging the same possession and delivery of marijuana violation that had been charged on June 12, 1981.
Prior to the hearing on the amended affidavit held on May 14,1982, appellant filed a motion pursuant to Florida Rule of Criminal Procedure 3.230 to disqualify the trial judge from presiding over the hearing. The motion stated as grounds that the trial judge was prejudiced against the appellant because he had “previously disqualified himself from consideration of matters involving defendant upon defendant’s oral motion.” This allegation apparently concerned two cases involving appellant which the judge heard after he revoked appellant’s probation on June 26, 1981. The appellant also alleged that there was conduct of the judge in those cases which appellant characterized as “mocking." The motion was certified by appellant’s counsel as being made in good faith. Affidavits of the appellant, his counsel, and another individual, all in support of the allegations, accompanied the motion.
The trial judge denied the disqualification motion and stated that he did not think the motion was valid because the appellant did not seek a disqualification at the time appellant was placed on probation. When defense counsel began to argue that case law requires a trial judge to disqualify himself if the motion is legally sufficient, the court stated that, in any event, a disqualification motion must be filed ten days prior to trial. The court then reiterated the denial of the motion.
After hearing testimony of two detectives and the appellant, the court again revoked probation, adjudicated the appellant guilty, and sentenced him to five years with credit for time served. This appeal follows.
As a preliminary matter, we find no merit in the state’s argument that the issues raised on appeal concerning the denial of the motion for disqualification were not properly preserved in the trial court for appellate review. The colloquy in the record between the trial judge and defense counsel indicates defense counsel sufficiently objected to the court’s ruling even though the magic words “I object” were not expressly used. Cf. Spurlock v. State, 420 So.2d 875 (Fla.1982) (failure to expressly object to jury instructions).
The trial judge’s denial of appellant’s disqualification motion on the grounds that the motion was not timely filed constituted error. The stated grounds were that the motion should have been filed at the time appellant was placed on probation or, in the alternative, at least ten days prior to the probation revocation hearing. However, first, the grounds appellant alleged in his disqualification motion — prejudice of the trial judge arising at the hearings in other cases apparently subsequent to the first revocation of probation — did not exist at the time appellant was placed on probation. Second, although Rule 3.230(c), Florida Rules of Criminal Procedure, requires that a motion for disqualification be filed at least ten days prior to trial, that requirement of the rule is qualified by the phrase “unless good cause is shown for failure to so file within such time.” There was good cause for appellant’s failure to file that motion prior to that ten-day period for the reason that less than ten days existed from the May 6,1982 filing of the amended affidavit to the May 14, 1982 probation revocation hearing.
We should address whether Jones v. State, 411 So.2d 165 (Fla.1982), cert. denied, - U.S. -, 103 S.Ct. 189, 74 L.Ed.2d 153 (1982), is applicable to show timeliness of the motion. Jones v. State held that a disqualification motion should be filed “before commencement of the guilt phase of the trial.” 411 So.2d at 167. We find that Jones v. State does not require a finding of untimeliness under the facts of this case. *188 For probation revocation purposes under the facts of this case relative to the time of filing of the motion for disqualification, the “guilt phase” was, in effect, the probation revocation hearing. This is because before probation may be revoked a determination of whether a probationer has violated the terms of his probation must be made at a hearing at which he is afforded the “minimum requirements of due process” which include the right to “a ‘neutral and detached’ hearing body.” See Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 1761-62, 36 L.Ed.2d 656 (1973). This holding is limited to the facts of this case, to wit, when the grounds for the motion did not earlier exist so that the probationer was in a position to file such a motion before the trial of the case in which he received probation.
Because the trial judge, following his ruling on the timeliness of the motion for disqualification, failed to consider the legal sufficiency of the disqualification motion, there was also error in the court’s denial of what we have found to have been that timely filed motion. Rule 3.230(d) provides that the trial court shall examine such a motion for its legal sufficiency only and “shall not pass on the truth of the facts alleged nor adjudicate the question of disqualification.”
Therefore, we reverse and remand for the trial court to deal with the motion to disqualify pursuant to rule 3.230(d). As indicated above, the motion was alleged to be based upon events which arose subsequent to the placing of appellant on probation and which were independent of the probation revocation proceedings and of the case in which appellant received probation. Upon a finding that the motion and affidavits are legally sufficient, which we believe is shown on the face of those documents, the trial court should disqualify himself so that the case may be reassigned. Bundy v. Rudd, 366 So.2d 440 (Fla.1978).
REVERSED AND REMANDED.
DANAHY, A.C.J., and SCHOONOVER, J., concur.