446 So.2d 1059 (1984)
Leslie R. JONES, Appellant,
v.
STATE of Florida, Appellee.
No. 62848.
Supreme Court of Florida.
February 2, 1984.
Rehearing Denied April 4, 1984.
*1060 John B. Carr, Pensacola and Terry D. Terrell, Chief Asst. Public Defender, Pensacola, for appellant.
Jim Smith, Atty. Gen. and David P. Gauldin, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
Leslie R. Jones, who is under a sentence of death, appeals the trial court's denial of his motion for relief under Florida Rule of Criminal Procedure 3.850 and the denial of his motion to disqualify the trial judge from hearing the rule 3.850 motion. This Court has jurisdiction. Art. V, § 3(b)(1), Fla. Const.
This is the third occasion this cause has been before this Court. Jones' initial conviction and sentence of death were reversed and remanded for a new trial because the trial court refused to allow the defendant to assert a mental competency defense. Jones v. State, 362 So.2d 1334 (Fla. 1978). In the second trial, Jones was again convicted and sentenced to death. This Court affirmed in Jones v. State, 411 So.2d 165 (Fla. 1982), and the United States Supreme Court denied certiorari, Jones v. Florida, ___ U.S. ___, 103 S.Ct. 189, 74 L.Ed.2d 153 (1982).
The facts of this incident are set out in detail in our decision reported at 411 So.2d 165. Briefly, the record reflects that the appellant and an accomplice entered a liquor store to commit a robbery. The two clerks were ordered to lie face down on the floor and were then shot execution-style. One clerk was killed. Surprisingly, one clerk survived although struck by two bullets, one in the chest and one in the head. She testified that the shots came from where the appellant was standing. Three bullets were recovered and one was conclusively identified as having come from a gun *1061 found in the residence where the appellant had been staying. Appellant's accomplice testified that appellant told him he shot the victims because they had recognized him. In addition, a tape-recorded confession of the appellant admitting the shooting was introduced into evidence by the state. At trial the appellant testified in his own behalf and denied the shooting but admitted committing the robbery. Appellant had previously been convicted of robbery and was on parole at the time of the incident.
In these proceedings, the appellant first moved to disqualify the trial judge from hearing the rule 3.850 motion. The grounds asserted were (1) that the trial judge had awarded defense counsel in appellant's second trial substantially more compensation than he had awarded defense counsel for the first trial and (2) that, immediately following the sentencing of the appellant, the trial judge made a comment that the evidence against the appellant was "almost overwhelming" and that trial counsel "did a remarkable job ... the best you possibly could." The trial court denied the motion for disqualification. We affirm. In so holding, we recognize that we must accept the allegations for disqualification in the light most favorable to appellant. There is no question that counsel appointed for appellant's second trial received substantially greater compensation than did counsel for the first trial. At the hearing on the motion, appellant's counsel recognized that the statute in effect at the time of the first trial limited the amount the trial judge could award to counsel appointed to represent a defendant in a capital case. The trial judge, after the first trial, had awarded the maximum allowed by the statute. The statute was changed prior to the second trial and the trial judge was not so limited in determining attorney compensation. This circumstance has no bearing whatever on the trial judge's qualification to hear the instant rule 3.850 motion.
With regard to the comments made by the trial judge subsequent to the sentencing of the appellant, we find that this type of expression by a presiding judge is not that unusual and we do not find that the comments were such as would disqualify him from hearing subsequent matters in this cause. In our view, the evidence in this case was, in fact, overwhelming. To disqualify a judge for the remarks made in this instance would, in effect, mandate the disqualification of all judges from the hearing of all ineffective-assistance-of-counsel claims whenever they said anything favorable about counsel in their conduct of a court proceeding. Disqualification in this case would have the practical effect of advising judges to no longer comment in any respect about counsel's conduct in a criminal case. On occasion this Court has commended counsel on their argument and presentation of issues for resolution, but that does not disqualify this Court from addressing ineffective-assistance-of-counsel claims directed to specific acts or omissions. We conclude that the comments in the instant case did not rise to the level of prejudice such that the trial judge could not impartially address the specific issues of ineffective assistance of counsel. We realize that the prejudice of a judge is a delicate question and that justice should be administered without fear of prejudice or partiality. We recognize that the law requires that a defendant need only show that he "has a well grounded fear that he will not receive a fair trial at the hands of the judge." State ex rel. Brown v. Dewell, 131 Fla. 566, 573, 179 So. 695, 697 (1938). In this circumstance, however, we find the facts supporting the suggestion are not reasonably sufficient to create such a fear and, therefore, the motion was properly denied as insufficient. Under the circumstances of this case, our recent decision in Livingston v. State, 441 So.2d 1083 (Fla. 1983), is not controlling.
Appellant's motion for postconviction relief raises fourteen claims; all except the claim of ineffective assistance of counsel are claims that were raised or could have been raised in the appeal on the merits.
We have repeatedly stated that a motion under rule 3.850 cannot be utilized for a second appeal to consider issues that *1062 either were raised in the initial appeal or could have been raised in that appeal. Demps v. State, 416 So.2d 808 (Fla. 1982); Christopher v. State, 416 So.2d 450 (Fla. 1982); Foster v. State, 400 So.2d 1 (Fla. 1981); Sullivan v. State, 372 So.2d 938 (Fla. 1979); Spenkelink v. State, 350 So.2d 85 (Fla.), cert. denied, 434 U.S. 960, 98 S.Ct. 492, 54 L.Ed.2d 320 (1977). In this cause, thirteen claims made under this motion fall under this category. The only claim that merits discussion concerns the contention that defense counsel in the second trial was ineffective. Although the trial judge denied an evidentiary hearing, he addressed each claim of ineffective assistance of counsel in the hearing on the motion. We treat appellant's allegations on this issue as true except to the extent that they are conclusively rebutted by the record in this cause. We find that none of the asserted specific omissions or overt acts were measurably below that of competent counsel. Many of the alleged defects relate to trial tactics and judgment. In applying the standard of Knight v. State, 394 So.2d 997 (Fla. 1981), we conclude that none of the alleged deficiencies were "substantial enough to demonstrate a prejudice to the defendant to the extent that there is a likelihood that the deficient conduct affected the outcome" of the case. Id. at 1001.
Although we find that the trial judge did not commit reversible error in failing to have an evidentiary hearing on this ineffective-assistance-of-counsel claim, we would encourage trial judges to conduct evidentiary hearings when faced with this type of proceeding in view of the relatively recent decision of the United States Supreme Court in Sumner v. Mata, 449 U.S. 539, 101 S.Ct. 764, 66 L.Ed.2d 722 (1981). It is important for the trial courts of this state to recognize that, if they hold an evidentiary hearing on this type of issue, under the Sumner decision their finding of fact has a presumption of correctness in the United States district courts. Justice Rehnquist, in writing for the majority in Sumner, emphasized the effect of section 2254(d) of 28 U.S.C. This federal statute provides:
(d) In any proceeding instituted in a Federal court by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination after a hearing on the merits of a factual issue, made by a State court of competent jurisdiction in a proceeding to which the applicant for the writ and the State or an officer or agent thereof were parties, evidenced by a written finding, written opinion, or other reliable and adequate written indicia, shall be presumed to be correct, unless the applicant shall establish or it shall otherwise appear, or the respondent shall admit 
(1) that the merits of the factual dispute were not resolved in the State court hearing;
(2) that the factfinding procedure employed by the State court was not adequate to afford a full and fair hearing;
(3) that the material facts were not adequately developed at the State court hearing;
(4) that the State court lacked jurisdiction of the subject matter or over the person of the applicant in the State court proceeding;
(5) that the applicant was an indigent and the State court, in deprivation of his constitutional right, failed to appoint counsel to represent him in the State court proceeding;
(6) that the applicant did not receive a full, fair, and adequate hearing in the State court proceeding; or
(7) that the applicant was otherwise denied due process of law in the State court proceeding;
(8) or unless that part of the record of the State court proceeding in which the determination of such factual issue was made, pertinent to a determination of the sufficiency of the evidence to support such factual determination, is produced as provided for hereinafter, and the Federal court on a consideration of such part of the record as a whole concludes that *1063 such factual determination is not fairly supported by the record:
And in an evidentiary hearing in the proceeding in the Federal court, when due proof of such factual determination has been made, unless the existence of one or more of the circumstances respectively set forth in paragraphs numbered (1) to (7), inclusive, is shown by the applicant, otherwise appears, or is admitted by the respondent, or unless the court concludes pursuant to the provisions of paragraph numbered (8) that the record in the State court proceeding, considered as a whole, does not fairly support such factual determination, the burden shall rest upon the applicant to establish by convincing evidence that the factual determination by the State court was erroneous.
28 U.S.C. § 2254 (1976). The United States Supreme Court stated that the habeas corpus authority granted by Congress to the federal courts "requires deference by federal courts to factual determinations of all state courts." 449 U.S. at 547, 101 S.Ct. at 769. In reversing, the United States Supreme Court held that the federal court in Sumner "did not apply the `presumption of correctness' which is mandated by the statute to the factual determinations made by ... state courts." Id. The Court further stated:
Congress, in § 2254(d) intended not only to minimize that inevitable friction but also to establish that the findings made by the state-court system "shall be presumed to be correct" unless one of seven conditions specifically set forth in § 2254(d) was found to exist by the federal habeas court. If none of those seven conditions were found to exist ... "the burden shall rest upon the applicant to establish by convincing evidence that the factual determination by the State court was erroneous." (Emphasis supplied.)
Id. at 550, 101 S.Ct. at 770. (Footnote omitted.) When a state court does not hold an evidentiary hearing, the United States district courts believe they are mandated to hold an evidentiary hearing because of the provisions of subparagraphs (2), (3), (6), (7) and (8) of section 2254(d) unless they can find that the petition is totally frivolous. The practical effect of the state court's denial of an evidentiary hearing on an ineffective-assistance-of-counsel claim is to leave the factual finding on this issue to the federal courts. It is for this reason that we suggest, even when not legally required, that trial courts conduct, in most instances, evidentiary hearings on this type of issue.
For the reasons expressed, we affirm the trial court's denial of the petitioner's motion to disqualify the trial judge and affirm the trial court's order denying the petitioner's motion for postconviction relief.
It is so ordered.
ALDERMAN, C.J., and BOYD, OVERTON, McDONALD, EHRLICH and SHAW, JJ., concur.