## 30631. ADAMS v. THE STATE.

INGRAM, Justice.

Appellant was tried and convicted by a jury in Fulton Superior Court of the offense of murder and received a sentence of life imprisonment. His amended motion for new trial was overruled in the trial court and he appeals to this court for a reversal of his conviction.

According to appellant's testimony, the victim of the homicide was appellant's common law wife. They were living together in an apartment on Wadley Street in Atlanta when appellant came home one evening around 8:30 or 9:00 p.m. and could not get in the apartment until the victim's daughter, from another marriage, opened the door for him. Upon entering, appellant found the victim in a bedroom and accused her of being drunk. An argument ensued and appellant began trying to gather his clothes to leave after the victim told him to get out. As appellant was trying to remove his clothes from a closet, the victim suddenly "charged [him] all at once and struck [him] up beside the head with a hammer." She knocked him in a "semi-conscious" condition and he momentarily "blanked out." Appellant testified that as he took his hands out of his pockets to catch himself from falling and to get the victim off of him, he accidentally shot the victim with a

small .22 caliber pistol he had in one of his pockets. Appellant insisted on cross examination that he did not shoot the victim in self-defense and that he had not intended to take the pistol out of his pocket. Appellant's unequivocal version at the trial of the homicide was that it was accidental.

The state's version of the homicide was malice murder. It was presented principally through the testimony of the victim's daughter, who was present at the scene. She testified that after she let appellant in the apartment he began an argument with the victim and struck her across the head with his fist. As the two of them continued to argue, appellant was overheard to say, "Yes, hell yes, I'll kill you, I'll kill you." In his testimony, appellant specifically denied making this statement. The daughter further testified that she did not see her mother hit appellant with a hammer, but did see them "cussing and going on and [appellant] reached his hand in his pocket and pulled a pistol out and pressed it up against [the victim's] ear and pulled the trigger and she fell." The victim died from the gunshot wound to her head.

Appellant's contention that the evidence is legally insufficient to support the conviction for murder is without merit. See *Fleming v. State,* 236 Ga. 434 (1976) and *Ridley v. State,* 236 Ga. 147 (1976).

It is also contended the trial court erred in failing to charge the jury without request that the state was required to prove that appellant was sane at the time of commission of the alleged offense in order to find him guilty. The principle of law urged in support of this contention is not supported by the majority decisions of this court. See *Grace v. State,* 231 Ga. 113 (200 SE2d 248) (1973). However, even if we accept as correct appellant's argument as to the burden of proof and necessity for a charge on insanity, it is unnecessary for this issue to be treated by the trial judge unless it is raised by the evidence. Appellant's testimony that he was in a "semi-conscious" or "blanked out" state of mind is insufficient to raise the issue of insanity. Appellant did not contend at the trial that he could not distinguish between right and wrong at the time of commission of the alleged offense. His sole defense was that he accidentally

shot the victim, whereas the state contended that he deliberately drew his gun and shot the victim in the head without provocation.

Insanity was not an issue for the jury to resolve in this case under the evidence presented by either party. For a long and general discussion of this entire issue, including the quantum of evidence necessary for the defendant to generate a jury issue, see Evans v. State, 349 A2d 300, 352 (Md., 1975). Cf. *Grace v. State,* supra, and *Grace v. Hopper,* 234 Ga. 669 (217 SE2d 267) (1975); also, *Pulliam v. State,* 236 Ga. 460 (1976).

Appellant relies on Mullaney v. Wilbur, 43 LW 4695 (1975) to urge that the state failed to prove the absence of heat of passion or sudden provocation and impliedly argues that the trial court erred in not explaining to the jury that the state had this burden at the trial. The answer to this contention is the same as the answer to the argument relating to insanity. There was no evidence of passion or provocation that would make this an issue for the jury in this case. The state's evidence showed a verbal altercation during which appellant deliberately shot the victim without provocation. The defendant's testimony showed the homicide to be entirely accidental. In addition, we note that the trial defense counsel specifically requested the court not to charge on voluntary manslaughter or involuntary manslaughter. The case was tried and submitted to the jury as either a case of murder or accidental homicide. Under these circumstances, we find no error. See *Gregg v. State,* 233 Ga. 117, 121 (210 SE2d 659) (1974).

The two remaining enumerations of error assert that the district attorney made an improper closing argument by commenting on appellant's silence at the time of his arrest and that appellant's trial defense counsel was so ineffective that appellant was denied the effective assistance of counsel at his trial. We find no reversible error in either of these enumerations.

Appellant testified at the trial. On cross examination he testified, without objection, that he told a homicide detective what he had done with the pistol after the shooting took place. He was also asked without objection why he had not stayed at the scene and called the police.

Appellant replied that he just wasn't clear about what he was thinking and wanted to do at that time. In closing argument, the district attorney said this to the jury: "After the shooting, what did [appellant] do. Did he go down and say look, I have had an accident at my house ..." This statement by the district attorney did not amount to an unlawful comment on the *silence* of an accused in a criminal case, and we find no error. See *Shy v. State*, 234 Ga. 816, 825 (3) (218 SE2d 599) (1976). Cf. *Lowe v. State*, 136 Ga. App. 631, 634 (1975).

Appellant now insists that his retained defense counsel at trial was ineffective because of the way he conducted the trial—failing to make any discovery motions, not demanding a list of the state's witnesses, not calling any character witnesses and not objecting to the above argument of the district attorney. Perhaps the case could have been tried differently on behalf of the defendant. Even so, this does not mean that appellant failed to receive a vigorous and competent defense. On the contrary, we find that appellant did receive effective assistance from competent counsel in the trial of this case. Consequently, we conclude that counsel's conduct of the trial in appellant's behalf satisfies the standards expressed in *Pitts v. Glass*, 231 Ga. 638 (203 SE2d 515) (1974).

*Judgment affirmed. All the Justices concur.*

SUBMITTED JANUARY 19, 1976 — DECIDED
MARCH 11, 1976.

*Eric Welch,* for appellant.
*Lewis R. Slaton, District Attorney, Carole E. Wall, Assistant District Attorney, Arthur K. Bolton, Attorney General, Kirby G. Atkinson, Staff Assistant Attorney General,* for appellee.