## 31167. WILLIAMS v. THE STATE.

INGRAM, Justice.

Appellant was convicted of rape in the Superior Court of Bulloch County and sentenced to life imprisonment. He appeals his conviction on the grounds that it is not supported by the evidence and that the trial court failed to instruct the jury on the defenses of insanity and temporary insanity. Appellant also contends the evidence did not warrant the charge on statutory aggravating circumstances given during the sentencing phase of the trial. We affirm.

On the night in question, appellant had become intoxicated at a club near the home of the victim. He testified that he then became sick, blacked out, and does not remember anything after that. Appellant was arrested by police officers at the victim's home.

The victim is an elderly spinster who lived alone and apparently in a rather unkempt condition. She testified that appellant broke into her home, raped her and that this made her bleed. After he fell asleep, she escaped through a window and made her way to a neighbor's house. The neighbor testified that she had come to her house screaming and hollering, with blood on her gown. The victim was taken from the neighbor's home to the hospital. The attending physician testified that she had profuse bleeding from the vagina, which had been badly torn, and that "[s]omething had penetrated the vagina . . . with some degree of force."

The police returned to the home of the victim and flushed appellant out with tear gas. He was naked and had blood on his hip and side. He states that this is the last thing he remembers since becoming intoxicated. A deputy sheriff testified that there was blood on the victim's bed and that appellant's clothes were beside the bed. Appellant claims that he was unable to commit the rape because "the mumps went down on him" and he could not have an erection. A doctor testified that inflammation of the male testicles due to mumps would not affect the male's ability to have an erection.

Appellant's claim that the verdict and judgment are unsupported by the evidence is clearly without merit. If

there is any evidence to support the findings of the jury and no error of law appears, the verdict and judgment should not be disturbed. *Lawson v. State,* 234 Ga. 136 (214 SE2d 559) (1975); *Marlow v. Burns,* 209 Ga. 255 (71 SE2d 520) (1952).

Appellant also enumerates as error the failure of the trial court to instruct the jury on the defenses of insanity and temporary insanity. It is clear that once the issue of insanity at the time of the commission of the alleged offense is raised by the evidence it is mandatory upon the trial judge to charge the jury under the provisions of Code Ann. § 27-1503 (Rev. 1972) relating to the form of the verdict in case they should find the defendant not guilty by reason of insanity. *Morgan v. State,* 224 Ga. 604 (2) (163 SE2d 690) (1968). Temporary insanity is also a recognized defense in Georgia. *Drewry v. State,* 208 Ga. 239 (65 SE2d 916) (1951).

However, the only evidence of insanity is appellant's own testimony that, after becoming voluntarily intoxicated, he could not remember what happened. This testimony by appellant, that he does not remember what happened, does not require a charge on insanity. *Reeves v. State,* 234 Ga. 896 (218 SE2d 625) (1975). Cf. *Adams v. State,* 236 Ga. 468 (224 SE2d 32) (1976). "If the condition of a man's mind, when unexcited by liquor, is capable of distinguishing between right and wrong, reasoning, and acting rationally, and he voluntarily deprives himself of reason by intoxication, and commits an offense while in that condition, he is criminally responsible for it." *Massey v. State,* 222 Ga. 143, 148 (149 SE2d 118) (1966); *Choice v. State,* 31 Ga. 424 (1860); Code Ann. § 26-704 (Rev. 1972). The evidence was insufficient to raise an issue on insanity or temporary insanity.

Lastly, appellant contends that the evidence did not justify a charge during the sentencing phase of the trial on the statutory aggravated circumstances that "the offense of ... rape ... was outrageously wantonly vile, horrible, or inhuman in that it involved torture, depravity of mind, or an aggravated battery to the victim." Code Ann. § 27-2534.1 (b) (7) (Cum. Supp. 1975). Under this section the judge is required to charge the jury in a capital punishment case on any of the statutory aggravating

circumstances which are supported by the evidence. It is not necessary to pass on whether there was sufficient evidence to support the charge given in this case because appellant did not receive capital punishment. *Echols v. State,* 231 Ga. 633, 637 (203 SE2d 165) (1974). We find no merit in any of the errors enumerated in this appeal.

*Judgment affirmed. All the Justices concur, except Gunter, J., who concurs in the judgment only.*

SUBMITTED MAY 21, 1976 — DECIDED SEPTEMBER 7, 1976.

*Ralph U. Bacon,* for appellant.
*J. Lane Johnston, District Attorney, Arthur K. Bolton, Attorney General, Kirby G. Atkinson, Staff Assistant Attorney General,* for appellee.