## 57208. JACKSON v. THE STATE.

QUILLIAN, Presiding Judge.

The defendant appeals his conviction of two counts of aggravated assault and one count of simple assault. From the evidence, the jury would have been authorized to find that the defendant entered the Southern Press Company

building in Macon, Georgia, on November 19, 1977, and asked for "Mr. Chatfield." Mr. Hatfield was the company owner and president. When the defendant was told Mr. Hatfield was not in he exhibited a knife and stated "Mr. Chatfield put me in prison and I'm going to get him." The witness related that defendant told her "if he couldn't get him, he was going to get me." The witness fled and called the police. The defendant continued to look for Mr. Hatfield and when another person told him she did not know where he was, he called her a liar and "he started jabbing at [her] with a knife . . ." Shortly thereafter another employee arrived with a deer rifle. The defendant dropped his knife and lay in a prone position on the floor. The police arrived, handcuffed the defendant, and took him to the police station. Defendant testified that he had "blackouts," had been confined in Central State Hospital, was under a doctor's care, was taking medication, and did not remember what happened. The jury returned a verdict of guilty. Defendant appeals. *Held:*

1. Defendant's single enumeration of error is that the state "did not prove beyond a reasonable doubt that the [defendant] was not temporarily insane when the alleged acts occurred; and therefore did not prove guilt beyond a reasonable doubt . . ." The defendant entered a not guilty plea. He did not base such plea upon the ground of insanity or temporary insanity. He did not request a charge on the issue of insanity and the jury was not charged on insanity. However, the defendant did not contest that he did not do the acts alleged — only that he did not remember them, that he had blackouts, had been confined in Central State Hospital, and had — for the past two years, been under treatment by the doctors at Central State, was "taking medicine for it," but was not on medication the date these incidents occurred. Accordingly, insanity — albeit designated by the defense as "temporary insanity," was the sole defense of the defendant.

A defendant's sworn testimony is sufficient to raise an issue requiring an instruction to a jury. *Pollard v. State,* 236 Ga. 587 (4) (224 SE2d 420). If insanity was raised by the evidence "error was committed by the trial court in failing to charge the jury, even without request,

on the law of [insanity], the defendant's sole defense." *Pippins v. State,* 224 Ga. 462, 464 (162 SE2d 338); *Pollard v. State,* supra.

Defendant's argument is fatally flawed in two aspects. First, defendant remembers he "went down there looking for some work . . . What happened down there, I don't know . . . When I did come to my senses, I was in City Hall and I asked what I was down there for . . ." Thus, the defendant testified to having amnesia — the lack of or loss of memory, "especially inability to remember past experiences" (Dorlund's Medical Dictionary), for this entire episode.

Episodic amnesia, which is circumscribed by the parameters of the episode, is not — in and of itself, a defense for a crime committed during that period. This result must be reached for amnesia is a neutral circumstance, or symptom, unless connected to a precipitating cause. Probably the most familiar type of amnesia is that of the overindulgent alcohol imbiber. Voluntary intoxication of a defendant is not a legal excuse for a criminal offense committed during such period of intoxication. Code Ann. § 26-704 (CCG § 26-704; Ga. L. 1968, pp. 1249, 1270). For the same reason, neither will the alcoholic amnesiac's inability to recall the drinking episode be acceptable as a defense. See *Williams v. State,* 237 Ga. 399, 400 (228 SE2d 806); Cf. *McKenty v. State,* 135 Ga. App. 271 (3) (217 SE2d 388).

In the instant case, defendant testified that he was positive that he had not been drinking. However, the arresting officer testified that "[h]e had a smell of alcohol about his person . . ." A witness who was threatened by the defendant, stated: "He wasn't walking like a straight line or anything. He was kind of weaving. Well, not really weaving, but he looked like he had been drinking or something."

Georgia law presumes sanity of an accused. Code Ann. § 26-606 (CCG § 26-606; Ga. L. 1968, pp. 1249, 1270). And this presumption of sanity does not dissipate with the presentation of evidence to the contrary. *Johnson v. State,* 235 Ga. 486, 490 (220 SE2d 448). The jury is free to reject the testimony of lay and expert witnesses as to the sanity of the accused and may rely on the presumption of sanity.

*Carter v. State,* 225 Ga. 310, 311 (168 SE2d 158). Furthermore, the presumption of sanity prevails after commitment of an accused to a mental institution — if he has been released. *Durham v. State,* 239 Ga. 697 (1) (238 SE2d 334). The presumption is that public officers of this state, which includes the superintendent of Central State Hospital, performed properly the duties incumbent upon them by law — inclusive of such sections relating to discharge of patients under Ch. 88-5 (Ga. L. 1969, p. 505 et seq.). *Ross v. State,* 217 Ga. 569, 570 (124 SE2d 280).

Evidence that the defendant does not remember (*Williams v. State,* 237 Ga. 399, 400 (228 SE2d 806)), or was in a "blanked out" state of mind during the commission of the acts charged (*Adams v. State,* 236 Ga. 468, 469 (224 SE2d 32)), is insufficient to raise the issue of insanity.

Temporary insanity is a recognized defense in Georgia. *Drewry v. State,* 208 Ga. 239, 242 (65 SE2d 916). However, if the only evidence of insanity is defendant's testimony that he could not remember the events surrounding the episode — which was the result of intoxication, this would not require an instruction on insanity. *Williams v. State,* supra. We have already found that the defendant's residence at the Central State Hospital — with subsequent release, did not raise the issue or require an instruction on insanity. *Ross v. State,* 217 Ga. 569, supra. Neither will the combination of these two require an instruction.

Next we turn to defendant's assertion that the state "did not prove beyond a reasonable doubt that the [defendant] was not temporarily insane when the alleged acts occurred . . ." The defendant has misplaced the burden. "When the defense of insanity has been made under the general plea of not guilty, the defendant is still presumed sane, . . . The defendant bears the burden of showing, by a preponderance of the evidence, that he was not mentally responsible at the time of the alleged crime. [Cits.]" *Potts v. State,* 241 Ga. 67, 81 (243 SE2d 510).

As there was insufficient evidence to raise an issue requiring an instruction on the issue of insanity, the failure to charge was not error. Furthermore, the defendant, not the state, had the burden of showing, by a preponderance of evidence, that he was not mentally

responsible. There is no merit in the enumeration of error.

*Judgment affirmed. Smith and Birdsong, JJ., concur.*

<small>SUBMITTED FEBRUARY 7, 1979 — DECIDED MARCH 8, 1979.</small>

*Bobby Bearden,* for appellant.
*W. Donald Thompson, District Attorney, Thomas J. Matthews, Assistant District Attorney,* for appellee.