## 63120. RAUSCHENBERG v. THE STATE.

QUILLIAN, Chief Judge.

Thomas F. Rauschenberg appeals his conviction of violating the Georgia Controlled Substances Act by illegally possessing and selling methaqualone. *Held:*

1. The defendant enumerates error in the denial of his motion to suppress evidence seized following his arrest during the alleged sale of methaqualone tablets. He asserts a unique and novel argument that as a condition of parole from a prior conviction for the sale of cocaine he was required to participate in a mental health program in which he was administered a psychotropic drug — stelazine. He contends that the effect of the forced ingestion of this drug "was a direct unjustified seizure of his person which severely restricted, if not totally eliminated, his freedom of movement . . . [The drug] created a hellish environment in which [he] was a virtual prisoner . . . [A] person is so mentally savaged he may not even be aware of his predicament . . . [He] knew something was wrong but was not sure what it was."

It would appear that defendant is attempting to raise a defense equating that of insanity to require suppression of the evidence seized following his arrest. We find no merit to this enumeration. Defendant's purported confused mental state is not an acceptable legal reason for suppression of evidence seized following his arrest. See 21 AmJur2d 159, Crim. Law, § 41. It is arguable that such a mental state could be asserted as an insanity defense on a general plea of not guilty but it is not a legal basis for suppression of evidence. See 21 AmJur2d 173, Crim. Law, § 55. Our Supreme Court has held that a defendant's "testimony that he was in a 'semi-conscious' or 'blanked out' state of mind is insufficient to raise the issue of insanity." *Adams v. State,* 236 Ga. 468, 469 (224 SE2d 32); *Ross v. State,* 217 Ga. 569, 577 (124 SE2d 280).

If the defendant relies upon involuntary intoxication because of the mandatory medication he would still be subject to the provisions of Code Ann. § 26-704 (Ga. L. 1968, pp. 1249, 1270), requiring that he establish he did not have sufficient mental capacity to distinguish between right and wrong in relation to such act. Georgia law presumes the sanity of a defendant. Code Ann. § 26-606 (Ga. L. 1968, p. 1270). And, a defendant bears the burden of showing by a preponderance of the evidence, that he was not mentally responsible at the time of the alleged crime. *Durham v. State,* 239 Ga. 697, 698 (238 SE2d 334). The defendant's testimony showed he had a clear and total recollection of the entire events of the evening he was arrested. Testimony of the other witnesses to the meeting between

the defendant and the undercover agent reveals no confusion, intoxication, or misunderstanding. This enumeration is without merit.

2. Appellate courts pass on the sufficiency of the evidence, but not the weight. *Eubanks v. State,* 240 Ga. 544, 546 (242 SE2d 41). The evidence was sufficient to authorize a rational juror to find the offense charged was established beyond reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). The jurors would have been authorized to find that the testimony of an undercover police officer established the defendant was induced to attend a meeting with him by an unidentified confidential informant for the purpose of the sale of drugs. The officer testified that the defendant placed five methaqualone tablets in his shirt pocket and "said they were three fifty each . . ." The officer gave the defendant a $20 bill which had been xeroxed. The defendant took possession of the money. The officer gave a prearranged signal and all parties were placed under arrest and searched. Another police officer, in charge of the drug stakeout, searched the defendant and found the $20 bill he had given the undercover agent to purchase the drugs in the right front pocket of the defendant. The methaqualone tablets were found on the undercover agent. One additional tablet was found on the defendant. The general grounds are without merit.

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED JANUARY 22, 1982 —
REHEARING DENIED FEBRUARY 18,. 1982.

*Ray C. Norvell,* for appellant.

*Robert Wilson, District Attorney, Tom Morton, Susan Brooks, Assistant District Attorneys,* for appellee.