No. 81–6854. DAVIS *v.* GEORGIA. Sup. Ct. Ga.; and

No. 81–6891. JONES *v.* FLORIDA. Sup. Ct. Fla. Certiorari denied. Reported below: No. 81–6891, 411 So. 2d 165.

JUSTICE MARSHALL, with whom JUSTICE BRENNAN joins, dissenting.

I continue to adhere to my view that the death penalty is unconstitutional in all circumstances. I would therefore grant certiorari and vacate the death sentences on this basis alone. However, even if I believed that the death penalty could constitutionally be imposed under certain circumstances, I would grant certiorari in these cases to resolve a substantial question left open by this Court's decision in *Bullington* v. *Missouri*, 451 U. S. 430 (1981): whether, on resentencing, the prosecution may be given a second chance to prove a statutory aggravating circumstance that it failed to prove in the prior capital sentencing proceeding.

We held in *Bullington* that the Double Jeopardy Clause is fully applicable to capital sentencing proceedings that are patterned after trials on the question of guilt or innocence.

The state law considered in *Bullington*, like the state law in each of these cases, provides that the death penalty may be imposed only after a trier of fact finds at least one statutory aggravating circumstance. The determination by the trier of fact is made at a separate sentencing hearing at which evidence is presented in aggravation and mitigation of punishment. To obtain a death sentence the prosecution must prove the existence of one or more aggravating circumstances beyond a reasonable doubt. The trier of fact is instructed to identify the aggravating circumstance or circumstances it finds applicable. We concluded in *Bullington* that "[b]ecause the sentencing proceeding at [Bullington's] first trial was like the trial on the question of guilt or innocence, the protection afforded by the Double Jeopardy Clause to one acquitted by a jury is also available to him, with respect to the death penalty, at his retrial." *Id.*, at 446 (footnote omitted). Like an acquittal, a decision not to impose the death penalty is absolutely final. "Having received 'one fair opportunity to offer whatever proof it could assemble,' the State is not entitled to another." *Ibid.*, quoting *Burks* v. *United States*, 437 U. S. 1, 16 (1978).

In the instant cases, petitioners were convicted of capital murder and were then sentenced to death following separate sentencing hearings authorized by state statutes similar to the one involved in *Bullington*. In each case, the prosecution failed to prove one or more statutory aggravating circumstances,[1] but the trier of fact found at least one other ag-

---

[1] In No. 81–6891, the sentencing judge found that two of the aggravating circumstances alleged by the prosecution were not supported by the evidence. In No. 81–6854, the sentencing judge's failure to submit to the jury an aggravating circumstance rested on finding that it was not supported by the evidence. Under Ga. Code Ann. §§ 17–10–30(b) and (c) (1982), the sentencing judge "shall" submit to the jury any statutory aggravating circumstance "supported" and "warranted by the evidence." Because such a submission is required where the evidence is sufficient, see *Williams* v. *State*, 237 Ga. 399, 228 S. E. 2d 806 (1976), the trial judge's decision not to submit a particular aggravating circumstance to the jury

gravating circumstance and recommended a sentence of death. In each case the sentence was later vacated.[2] On remand, new sentencing proceedings were held and death sentences were again imposed, but this time they were based at least in part upon aggravating circumstances that the prosecution had been unable to prove at the first sentencing proceedings. In each case, the State Supreme Court upheld the sentence, rejecting the argument that the Double Jeopardy Clause bars the imposition of the death sentence on the basis of a statutory aggravating circumstance that the prosecution previously had failed to prove.

The conclusion of the state courts in these cases is at odds with that of another state court of last resort. In *State* v. *Silhan*, 302 N. C. 223, 267–271, 275 S. E. 2d 450, 480–483 (1981), the North Carolina Supreme Court noted that the prosecution's effort to prove the existence of statutory aggravating circumstances at the sentencing proceeding is, for double jeopardy purposes, analogous to the prosecution's effort to prove the crimes charged at the guilt-innocence phase of a criminal trial. Moreover, the court observed, a determination that an aggravating circumstance does not apply is analogous to a determination that the accused is not guilty of an offense. Since the Double Jeopardy Clause protects a de-

---

was necessarily based on a conclusion that there was insufficient evidence to support a jury verdict finding that circumstance to be applicable. Under the Double Jeopardy Clause, a dismissal for insufficient evidence constitutes a judgment of acquittal that bars reprosecution. *Burks* v. *United States*, 437 U. S. 1, 10–11 1978); *Fong Foo* v. *United States*, 369 U. S. 141 (1962).

[2] In No. 81–6854, petitioner Davis' conviction was affirmed by the Supreme Court of Georgia, but his death sentence was vacated because of the trial court's failure to make clear to the jury that it might in its discretion recommend a life sentence even if it found the existence of a statutory aggravating circumstance. 240 Ga. 763, 243 S. E. 2d 12 (1978). In No. 81–6891, the Supreme Court of Florida reversed petitioner Jones' conviction because of the trial court's error in denying the defense's motion for a psychiatric examination to determine Jones' sanity at the time of the alleged offense. 362 So. 2d 1334 (1978).

fendant from being retried for an offense of which he has been acquitted, it should also protect him from being resentenced to death on the basis of an aggravating circumstance that a jury previously found inapplicable. The court concluded that the Double Jeopardy Clause, therefore, precludes the State from relying, at a new sentencing hearing, on an aggravating circumstance that the jury found inapplicable at the first sentencing hearing.

In *Bullington* this Court made clear that double jeopardy principles which apply to determinations of guilt or innocence also apply to capital sentencing proceedings at which the prosecution must prove the existence of statutory aggravating circumstances. *Bullington* did not address whether and to what extent the Double Jeopardy Clause precludes a second effort to prove an aggravating circumstance that the State failed to prove in a prior proceeding. There is disagreement on this question in the state courts, and the question is sufficiently important to warrant this Court's review.