ON MOTION FOR REHEARING
DELL, Judge.
We grant rehearing, withdraw the opinion issued January 4, 1985, and issue this opinion in its place.
Thomas Meek appeals from his conviction of first degree murder and from a final order revoking his probation. Upon motion of appellant, this court consolidated the appeals.
A grand jury indicted appellant for the murder of Sonja Sanj. At trial appellant testified that he and Sean Ethington picked up the victim at her home. After driving around for a while in Ethington’s van, Ethington pulled off the road and everyone got out. Appellant saw Ethington hit the victim with a board and she dropped to the ground. Appellant testified that he immediately walked away because he was on probation and he was frightened that his probation would be violated.
Prior to appellant’s trial Ethington pleaded guilty to manslaughter and agreed to testify against appellant. According to Ethington, appellant told him to hit the victim so appellant could have sex with her. Ethington testified that he hit her in the chest with the board and that she started crying and yelling at him. Then appellant hit, choked, and sexually violated the victim. In addition to other witnesses who testified, the State called Ethington’s attorney and elicited testimony leading up to his plea bargain. The attorney, in answer to a question posed on cross-examination, volunteered that he had requested that appellant take a lie detector test. Appellant did not move to strike the witness’s testimony or move for a mistrial.
After the jury began its deliberation, appellant notified the bailiff and his attorney that he and his family would wait for the verdict at a nearby restaurant. During appellant’s absence from the courtroom, the jury sent out the following question:
If one person is guilty of premeditated first degree murder and the other person meets all criteria set forth in instruction 3.01, principal, are both guilty of first degree premeditated murder?
The judge conferred with the prosecutor and appellant’s attorney. Both agreed that he should answer the question in the affirmative. The judge responded to the jury’s question accordingly. Appellant’s attorney went to the restaurant and informed appellant of the exchange that had taken place with the jury. The jury reached its verdict shortly thereafter and appellant returned to the courtroom. Neither appellant nor his attorney objected to the response made to the jury question and appellant failed to raise this point in his motion for new trial.
Appellant argues that he should receive a new trial for any one or all of the following reasons: that the trial court committed fundamental error when it responded to the jury’s question in his absence; that the *342 trial court should have excluded the testimony of Ethington’s attorney regarding his request that appellant submit to a polygraph examination; that the trial court erred in instructing the jury on principals; and because of prosecutorial misconduct during closing argument.
Appellant contends his absence during the trial court’s response to the jury question constitutes fundamental error and therefore can be raised for the first time on appeal. He relies on Ivory v. State, 351 So.2d 26 (Fla.1977) wherein the court stated that
[a]ny communication with the jury outside the presence of the prosecutor, the defendant, and defendant’s counsel is so fraught with potential prejudice that it cannot be considered harmless.

We now hold that it is prejudicial error for a trial judge to respond to a request from the jury without the prosecuting attorney, the defendant, and defendant’s counsel being present and having the opportunity to participate in the discussion of the action to be taken on the jury’s request. This right to participate includes the right to place objections on record as well as the right to make full argument as to the reasons the jury’s request should or should not be honored.
Id. at 28.
We do not believe that Ivory mandates a reversal in every case where the defendant is absent during a communication with the jury. We find support for this conclusion in Rose v. State, 425 So.2d 521 (Fla.1982), cert. denied, 461 U.S. 909, 103 S.Ct. 1883, 76 L.Ed.2d 812 (1983) (giving an “Allen charge” without notifying the defendant or counsel constituted harmless error); in Hitchcock v. State, 413 So.2d 741 (Fla.1982), cert. denied, 459 U.S. 960, 103 S.Ct. 274, 74 L.Ed.2d 213 (1982), (trial court’s response to a question regarding penalties without notifying any of the parties constituted harmless error); in Villavicencio v. State, 449 So.2d 966 (Fla. 5th DCA 1984), pet. for rev. denied, 456 So.2d 1182 (Fla.1984) (a communication with the jury as to a particular exhibit without the defendant or his counsel present constituted harmless error); Brown v. State, 449 So.2d 1293 (Fla. 2d DCA), pet. for rev. denied, 459 So.2d 1039 (Fla.1984); and in Smith v. State, 453 So.2d 505 (Fla. 4th DCA 1984), pet. for rev. denied, 462 So.2d 1107 (Fla.1985), (if error occurred when the trial court, in the absence of the defendant, communicated with the jury about penalties for lesser included offenses, the error was either waived by counsel or cured by the defendant’s failure to object). We also note that the Supreme Court decided Ivory in 1977, but that Florida Rule of Criminal Procedure 3.410[1] has not been changed to add the additional requirement of notification to the defendant before a trial judge responds to a jury question.
Although Ivory involved a clear violation of Rule 3.410, this case does not. In Ivory, the trial judge responded to a request for instructions and certain documentary evidence without notifying the defendant, his counsel, or counsel for the State, and without their being present. Unlike Ivory, the trial judge here did not give any additional instructions, read any testimony or provide any additional evidence. He responded to a purely legal question after notifying defense counsel and the prosecuting attorney. Appellant’s counsel agreed that the trial judge should respond affirmatively to the jury’s question and appellant, after being notified of the communication with the jury, did not object to the court’s response. Appellant does not challenge the trial court’s answer to the jury’s question but relies solely upon his absence from the courtroom as the basis for this point on *343 appeal. We find no violation of Rule 3.410 under the facts of this case. Additionally, no violation of Florida Rule of Criminal Procedure 3.180 occurred because appellant voluntarily absented himself from the courtroom.[2]
It is the contemplation of Fla.Stat. § 914.01 and of F.Cr.P.R. 1.180 [predecessors to present rule 3.180], and of case law, that where a defendant absents himself during his trial, with knowledge that his trial is underway, his absence shall not be permitted to interrupt the proceedings. These rules and cases turn on the theory that the requirement of the defendant’s presence is for his protection, and therefore he can waive it if he chooses by voluntarily absenting himself. The orderly administration of justice and the protection of society require that a trial, otherwise valid, should not be aborted by a defendant’s voluntary non-participation.
State v. Melendez, 244 So.2d 137, 139 (Fla. 1971). Therefore, we hold that the error, if any, constituted harmless error.
Although we have found no violation of Rules 3.410 and 3.180 and therefore believe that Ivory does not preclude application of the harmless error rule in this case, we note that the circumstances which call for application of the Ivory per se reversal rule are uncertain. Accordingly, we certify this question to the Supreme Court of Florida as a question of great public importance:
HAVE SUBSEQUENT DECISIONS MODIFIED THE HOLDING IN IVORY V. STATE, 351 S0.2D 26 (FLA.1977) TO PERMIT APPLICATION OF THE HARMLESS ERROR DOCTRINE WHEN A TRIAL JUDGE, DURING JURY DELIBERATIONS, RESPONDS TO A LEGAL QUESTION IN THE PRESENCE OF BOTH DEFENSE COUNSEL AND THE PROSECUTOR, BUT IN THE ABSENCE OF THE DEFENDANT?
Next, we find no reversible error in Ethington’s attorney’s comment regarding his request that appellant take a lie detector test. The response was elicited by appellant’s counsel on cross-examination and he made no motion to strike nor a motion for a mistrial. Therefore appellant either invited or waived the error, if any.
We have reviewed the closing argument of counsel and do not find the prosecutor’s comments of such a nature as to require reversal. State v. Murray, 443 So.2d 955 (Fla.1984).
Finally, we hold that appellant waived his objection to the trial court’s instruction on principals. See Peavy v. State, 442 So.2d 200 (Fla.1983); Jones v. State, 411 So.2d 165 (Fla.), cert. denied, 459 U.S. 891, 103 S.Ct. 189, 74 L.Ed.2d 153 (1982); and Fla.R.Crim.P. 3.390(d).
Accordingly, we affirm appellant’s conviction of first degree murder and the revocation of probation which followed.
AFFIRMED.
HERSEY, C.J., and GLICKSTEIN, J., concur.

. Rule 3.410 provides:
After the jurors have retired to consider their verdict, if they request additional instructions or to have any testimony read to them they shall be conducted into the courtroom by the officer who has them in charge and the court may give them such additional instructions or may order such testimony read to them. Such instructions shall be given and such testimony read only after notice to the prosecuting attorney and to counsel for the defendant.

. Rule 3.180(a)(5) provides:
(a) Presence of Defendant. In all prosecutions for crime the defendant shall be present:
(5) At all proceedings before the court when the jury is present;
However, subsection (b) of 3.180 contains an exception. Subsection (b) provides:
(b) Defendant Absenting Himself. If the defendant is present at the beginning of the trial and shall thereafter, during the progress of said trial or before the verdict of the jury shall have been returned into court, voluntarily absent himself from the presence of the court without leave of court, or is removed from the presence of the court because of his disruptive conduct during the trial, the trial of the cause or the return of the verdict of the jury in the case shall not thereby be postponed or delayed, but the trial, the submission of said case to the jury for verdict, and the return of the verdict thereon shall proceed in all respects as though the defendant were present in court at all times.