## A90A1189. SWENSON v. THE STATE.
### (397 SE2d 211)

SOGNIER, Judge.

Robert Calvin Swenson was convicted of armed robbery and possession of a firearm during the commission of a crime. He appeals from the judgment entered on the jury's verdict.

1. Appellant contends the evidence was insufficient to support the jury's verdict. At trial, John Grimsley III, a Bainbridge pharmacist, testified that on the night of November 17, 1988, as he was locking the front door of the pharmacy a man he identified as appellant drove up and asked if he could fill a prescription. When Grimsley assented, appellant jumped out of the car, brandished a pistol, and ordered Grimsley to open the pharmacy. The two men then entered the shop, and appellant held the gun to Grimsley's head while ordering him to fill a bag with certain narcotics. After appellant left and Grimsley reported the incident to the police, appellant was spotted driving through Bainbridge later that night. He was apprehended after a fifty mile chase, and a search of his car yielded a .357 Magnum pistol, 11 cartridges, and a number of pill bottles containing narcotics (primarily Dilaudid), which Grimsley identified as those taken from his pharmacy.

Appellant testified at trial and acknowledged having robbed the pharmacy, but asserted a defense of insanity at the time of the crime. He revealed that he had sustained severe spinal injuries in a 1975

boating accident, that his right side was partially paralyzed, and that as a result of attempts to control the continuing pain he experienced, he had taken the narcotic Dilaudid since 1985 and had become addicted. On the day of the robbery, he had been driving from Texas toward Florida when he ran out of medication. He began experiencing intense withdrawal symptoms, and after several unsuccessful efforts to find a physician who would provide him with Dilaudid, he robbed the pharmacy in desperation. He stated that as a result of his condition that night, he did not understand what he was doing, and that "I wasn't even thinking, much less was it right or wrong."

Additional evidence was adduced that Dilaudid is a highly addictive drug, and that appellant's physicians had prescribed the medication for appellant because no other drug had provided relief from the pain he was experiencing. The psychologist appointed by the court to examine appellant opined that although appellant had been abusing Dilaudid at the time of the robbery, he was mentally competent during that time and had understood the difference between right and wrong.

When reviewing a jury's finding of sanity in a criminal case, appellate courts must determine whether, " 'after reviewing the evidence in the light most favorable to the state, a rational trier of fact could have found that the defendant failed to prove by a preponderance of the evidence that he was insane at the time of the crime.' " (Footnote omitted.) *Keener v. State*, 254 Ga. 699, 701 (334 SE2d 175) (1985). The only two circumstances authorizing a verdict of not guilty by reason of insanity are "where the defendant does not have the ability to distinguish between right and wrong at the time of the crime, OCGA § 16-3-2, and where at the time of the crime the defendant acted under a delusional compulsion which overmastered his will to resist committing the crime, OCGA § 16-3-3." *Caldwell v. State*, 257 Ga. 10, 11 (1) (354 SE2d 124) (1987). In the case at bar, no evidence of delusional compulsion was presented, and the jury was authorized to find that appellant could distinguish between right and wrong at the time of the robbery, and thus appellant did not show by a preponderance of the evidence that he was insane at the time. Id.; see *Brand v. State*, 123 Ga. App. 273, 274-275 (1) (180 SE2d 579) (1971).

Further, appellant's defense also presented the question of involuntary intoxication as set forth in OCGA § 16-3-4, which provides that a defendant is entitled to a not guilty verdict "when, at the time of the . . . crime, the person, because of involuntary intoxication, did not have sufficient mental capacity to distinguish between right and wrong. . . . Involuntary intoxication means intoxication caused by: (1) [c]onsumption of a substance through excusable ignorance; or (2) [t]he coercion, fraud, artifice, or contrivance of another person." Nonetheless, even assuming, without deciding, that addiction result-

ing from reliance on a physician's prescription could constitute "excusable ignorance," see *Johnson v. State*, 235 Ga. 486, 489 (220 SE2d 448) (1975), the evidence authorized a finding that appellant could distinguish between right and wrong at the time of the robbery. See *Rauschenberg v. State*, 161 Ga. App. 331, 332 (1) (291 SE2d 58) (1982). Accordingly, we find the evidence sufficient to authorize a rational trier of fact to convict appellant of the charged crimes. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Roundtree v. State*, 192 Ga. App. 803, 804-805 (2) (386 SE2d 548) (1989).

2. Appellant also contends the trial court erred by denying his motion for a continuance. The record reveals that appellant was indicted on February 8, 1989, and counsel was appointed the following week. Appellant's counsel originally filed the motion on May 5, 1989, three days before the date first set for trial, seeking a continuance until the next term of court on the ground that he had just learned of appellant's medical condition and needed time to obtain the necessary medical records. The trial court did continue the case for three weeks and authorized a physical and mental examination of appellant. When the case was next called for trial, counsel renewed his motion, asserting that he had just received the results of the court-ordered examination the preceding Friday and had yet to receive appellant's out of state medical records. Upon ascertaining that the State would consent to the admission into evidence of two letters from appellant's physicians detailing his medical history and his use of Dilaudid, the trial court declined to continue the case again.

"A motion for continuance is addressed to the sound discretion of the trial court, OCGA § 17-8-22, and this court will not interfere unless it is clearly shown that the court abused its discretion." *O'Neal v. State*, 254 Ga. 1, 2 (2) (325 SE2d 759) (1985). The record shows only counsel's statement that the full medical records were needed to prepare a complete defense, and that showing is insufficient to establish the necessity of a continuance. Id. Under the facts and circumstances of this case, we find no abuse of discretion in the denial of the renewed motion for continuance.

*Judgment affirmed. Carley, C. J., and McMurray, P. J., concur.*

DECIDED SEPTEMBER 18, 1990.

*Ernie M. Sheffield*, for appellant.
*J. Brown Moseley, District Attorney*, for appellee.