627 So.2d 1246 (1993)
Jason PARNELL and Jeffrey Parnell, Appellants,
v.
The STATE of Florida, Appellee.
Nos. 92-769, 92-680.
District Court of Appeal of Florida, Third District.
December 7, 1993.
Rehearing Denied January 11, 1994.
*1247 Tierney & Haughwout and Carey Haughwout, West Paul Beach, for appellants.
Robert A. Butterworth, Atty. Gen., Katherine Fernandez Rundle, State Atty., and Paul Mendelson, Asst. State Atty., for appellee.
Before JORGENSON, LEVY, and GERSTEN, JJ.
PER CURIAM.
In these consolidated appeals, Jason Parnell and Jeffrey Parnell appeal from judgments of conviction and sentences for burglary with an assault, shooting into an occupied dwelling, and attempted first degree murder. We affirm the convictions as to both defendants and affirm Jeffrey Parnell's sentence; we reverse Jason Parnell's sentence as to Counts One and Three, affirm the remainder of his sentence, and remand for resentencing.
The trial court properly denied defendants' motions to disqualify, as the motions and supporting affidavits were not timely filed, and defendants were not able to demonstrate good cause why they could not timely file the motions. Jones v. State, 411 So.2d 165 (Fla.), cert. denied, 459 U.S. 891, 103 S.Ct. 189, 74 L.Ed.2d 153 (1982); Adler v. State, 382 So.2d 1298 (Fla. 3d DCA 1980); Fla.R.Crim.P. 3.230(c). Moreover, even if the motions were timely, they were not legally sufficient. The trial court had no choice but to take part in the ex parte conversations with the prosecutor in order to ensure the safety of the witness. The judge's mere participation in ex parte conversations was not sufficient to establish a well-founded fear of bias or prejudice towards the defendants. See Jackson v. State, 599 So.2d 103 (Fla.), cert. denied, ___ U.S. ___, 113 S.Ct. 612, 121 L.Ed.2d 546 (1992); Dragovich v. State, 492 So.2d 350 (Fla. 1986); United States v. Phillips, 664 F.2d 971 (5th Cir.1981), cert. denied, 457 U.S. 1136, 102 S.Ct. 2965, 73 L.Ed.2d 1354 (1982), overruled on other grounds because superseded by rule amendment, United States v. Huntress, 956 F.2d 1309 (5th Cir.1992).
The trial court correctly ruled that evidence of a third-party threat against a witness could be introduced in response to certain defense testimony relating to identification. See Morgan v. State, 603 So.2d 619 (Fla. 3d DCA 1992) (evidence of third-party threat, usually admissible only if prosecution could link threat to defendant, could be admitted on cross examination to explain witness' conduct after defense counsel attacked witness' credibility); Avila v. State, 545 So.2d 450, 451 (Fla. 3d DCA 1989) (witnesses could testify as to their fear of defendant to explain reluctance to come forward and cooperate with police at time of murders).
We find no error in the admission of testimony regarding the witness' identification of defendants. There was nothing inherently suggestive about the procedures; there was not a substantial likelihood that the witness misidentified defendants; and defendants failed to preserve their objections. See Blanco v. State, 452 So.2d 520 (Fla. 1984), cert. denied, 469 U.S. 1181, 105 S.Ct. 940, 83 L.Ed.2d 953 (1985); State v. Guerra, 455 So.2d 1046 (Fla. 3d DCA 1984), rev. denied, 461 So.2d 114 (Fla. 1985); Lecoin v. State, 418 So.2d 336 (Fla. 3d DCA 1982).
The trial court was within its discretion in refusing Jason Parnell's request to display his bare arms to the jury. Even assuming that defendant timely objected to the trial court's ruling, defense counsel failed to proffer a foundation that would have established the relevance of the excluded evidence. See A. McD. v. State, 422 So.2d 336 (Fla. 3d DCA 1982) (failure to proffer what excluded evidence would have revealed precludes appellate consideration of alleged error). Even if exclusion of the evidence was improper, it was harmless error. State v. DiGuilio, 491 So.2d 1129 (Fla. 1986).
The trial court erred in sentencing Jason Parnell as an habitual felony offender *1248 on Count One, burglary of a dwelling with an assault and with a firearm,[1] and Count Three, attempted murder with a firearm. Because those offenses are life felonies, they are not subject to enhancement under the habitual felony offender statute. Lamont v. State, 610 So.2d 435 (Fla. 1992).
As to Jeffrey Parnell's sentences, the trial court gave two reasons for departure. The first reason  wearing a mask while committing an attempted first degree murder  was improper, as the trial court had already factored the use of a mask into the guidelines scoresheet for shooting into a dwelling while wearing a mask. "It is improper for the court to deviate from the sentencing guidelines in reliance upon facts which have already been included within the determination of the guidelines sentence." Sarvis v. State, 465 So.2d 573, 576 (Fla. 1st DCA 1985). However, the second reason  that the dwelling burglarized was occupied  was valid, as it was not a factor of the crime of burglary with an assault, and thus supports the departure sentence. §§ 810.02, 921.001(5), Fla. Stat. (1991); Cabrera v. State, 576 So.2d 1358 (Fla. 3d DCA), approved, 589 So.2d 287 (Fla. 1991).
Affirmed as to both defendants' convictions; affirmed in part, reversed in part and remanded as to Jason Parnell's sentence; affirmed as to Jeffrey Parnell's sentence.
NOTES
[1] The trial court mistakenly scored Count One as a first degree felony. Burglary with an assault is a first degree felony. § 810.02(2), Fla. Stat. (1991). The defendant's use of a firearm during the burglary reclassified the offense to a life felony. § 775.087(1)(a), Fla. Stat. (1991).