PER CURIAM.
Defendant David Frye was convicted by a jury on three counts of armed robbery and one count of armed burglary with assault or battery. The trial court sentenced Frye to twenty-five years in state prison, with a fifteen-year mandatory minimum term as a habitual violent offender and a three-year mandatory minimum for possession of a firearm on each count to run concurrently. The record reflects that the trial judge was under the mistaken impression that, when sentencing a defendant as an habitual offender, he had no discretion and was required to impose the mandatory minimum term. As the imposition of mandatory minimum terms is permissive, not mandatory,[1] we remand the case for resentencing. Zequeira v. State, 671 So.2d 279 (Fla. 3d DCA 1996). On remand, the trial judge is free to exercise the sentencing discretion permitted by the habitual violent offender statute.
We also note concerning resentencing that, as to the conviction for burglary with assault or battery (a life felony), at the time of the offense (August 25, 1994), life felonies were not subject to enhancement under the habitual violent offender statute. Section 775.084, Florida Statutes (1993); Parnell v. State, 627 So.2d 1246 (Fla. 3d DCA 1993), rev. denied, 637 So.2d 236 (Fla.1994). As to the conviction for burglary with assault or battery the *630 sentence is vacated and remanded for imposition of a guideline sentence.
Remanded for resentencing.

. We acknowledge that other district courts have decided to the contrary. White v. State, 618 So.2d 354 (Fla. 1st DCA 1993); Sims v. State, 605 So.2d 997 (Fla. 2d DCA 1992); Martin v. State, 608 So.2d 571 (Fla. 5th DCA 1992). The Fourth District Court has concluded, as we have, that mandatory minimum sentences under the habitual offender statute are discretionary. Green v. State, 615 So.2d 823 (Fla. 4th DCA 1993).