## A03A1210. CROSSLEY v. THE STATE.
(582 SE2d 204)

ELDRIDGE, Judge.

Following a bench trial in the State Court of Henry County, John Wayne Crossley was found guilty of driving under the influence per se (OCGA § 40-6-391 (a) (5))[1] and reckless driving (OCGA § 40-6-390).[2] Crossley appeals from the trial court's denial of his motion for new trial, contending, as best we can discern, that the judgment of conviction as to driving under the influence should be reversed for the trial court's failure to allow his sole defense of involuntary intoxication before the jury or to credit such defense upon the bench trial of the case. In support of the foregoing claim, Crossley argues, as he did below, entitlement to the defense of involuntary intoxication in that, while blacked out, he became intoxicated and drove a vehicle lacking the guilty mind necessary for conviction for his inability to remember the event. We disagree and affirm.

The record shows that Crossley elected to proceed to a bench trial during the trial of his case before a jury — this, after the State presented its case-in-chief and the trial court, in an out-of-court hearing, pertinently barred Crossley's proffer of testimony concerning earlier blackouts[3] which he had experienced as providing no evidence of involuntary intoxication as not more than evidence of episodic amnesia.[4]

At the bench trial of his case, Crossley stipulated that his blood

---

[1] "A person shall not drive or be in actual physical control of any moving vehicle while [t]he person's blood alcohol concentration is 0.08 grams or more at any time within three hours after such driving or being in actual physical control from alcohol consumed before such driving or being in actual physical control ended." OCGA § 40-6-391 (a) (5).

[2] "Any person who drives any vehicle in reckless disregard for the safety of persons or property commits the offense of reckless driving." OCGA § 40-6-390 (a).

[3] American Heritage Dictionary defines "blackout" as "a temporary loss of consciousness." American Heritage Dictionary (New Dell ed. 1985), p. 73.

[4] On motion for new trial, the state court correctly acknowledged that its ruling had been in error to the extent that it was based upon the belief that the defendant could not present nonexpert evidence without complying with Uniform Superior Court Rule 31.1. See *Abernathy v. State*, 265 Ga. 754, 755 (2) (462 SE2d 615) (1995) (pretrial notice of the intent to present evidence of mental illness solely through lay witnesses unnecessary).

alcohol content level was between 0.192 and 0.194 within three hours of having two beers with dinner; that he had repeatedly driven his car over the center and side lines of the road on which he was traveling before being stopped by police; that on being stopped, he turned his vehicle off and placed his car keys on the roof thereof; that on being approached by the arresting officer, he handed over his driver's license, proof of insurance, and vehicle registration; that his vehicle smelled of alcohol, his speech was slurred, and his eyes glassy and bloodshot; and, that on being asked to exit his vehicle, he toppled out and thereafter failed the field sobriety tests administered on the scene. Through counsel, Crossley otherwise further proffered that he was unable to remember the circumstances attendant to the instant blackout and that he had experienced earlier episodes of amnesia; that during these he conducted himself in an outwardly normal way; that at the time of the police stop, he was taking certain medications, these having just been changed; that he had not been intoxicated when the instant blackout occurred; and that there was no evidence which showed the formation of an intent to drive. *Held*:

Crossley contends that his inability to remember the events of the blackout in issue foreclosed the formation of the necessary criminal intent to commit the charged offenses and that his involuntary intoxication defense is not one of insanity. In this regard, there is no assertion that Crossley could not distinguish between right and wrong at the time of the alleged offenses. However, in doing so, Crossley concedes that the defense of involuntary intoxication requires a showing that the perpetrator lacked the ability to distinguish right from wrong as to the criminal act in issue. Thus, on appeal, he acknowledges that the defense of involuntary intoxication is one involving issues of mental competence, in effect, temporary insanity. Pertinently,

> *[a] person shall not be found guilty of a crime when,* at the time of the act, omission, or negligence constituting the crime, *the person,* because of involuntary intoxication, *did not have sufficient mental capacity to distinguish between [the] right and [the] wrong in relation to such act.*

(Emphasis supplied.) OCGA § 16-3-4 (a); see *Gibson v. State,* 237 Ga. App. 773, 774-775 (1) (b) (516 SE2d 816) (1999) (jury instruction on OCGA § 16-3-4 charges defense of insanity by involuntary intoxication); see also *Rauschenberg v. State,* 161 Ga. App. 331 (1) (291 SE2d 58) (1982) (defendant relying upon involuntary intoxication defense bears burden of rebutting, by a preponderance of the evidence, presumption of sanity).

While we have held that temporary insanity is a recognized

defense in Georgia, *Jackson v. State*, 149 Ga. App. 253 (253 SE2d 874) (1979), "[e]vidence that the defendant does not remember, or was in a 'blanked out' state of mind during the commission of the acts charged, is insufficient to raise the issue of insanity." (Citations omitted.) Id. at 256. Accordingly, no error obtained for the trial court's refusal to permit the issue to go to the jury given Crossley's proffer that he could not remember his blackout as then in an "unconscious" or "blanked out" state of rendering him unable to form any criminal intent. *Adams v. State*, 236 Ga. 468, 469-470 (224 SE2d 32) (1976). The sanity of an accused is presumed in Georgia. OCGA § 16-2-3; *Rauschenberg v. State*, supra.

Even were the foregoing not the case, driving under the influence and reckless driving are crimes malum prohibitum,[5] the criminal intent element of which "is simply the intent to do the act which results in the violation of the law, not the intent to commit the crime itself." (Citation and punctuation omitted.) *Hoffer v. State*, 192 Ga. App. 378, 380 (1) (384 SE2d 902) (1989) (OCGA § 40-6-1 et seq., inclusive of DUI and reckless driving). Consequently, to the extent that Crossley here argues an inability to form an intent to commit the crimes of which he was convicted, it is immaterial. While proof of criminal intent was required to convict Crossley of the crimes for which he was prosecuted, the State was not required to prove that Crossley intended to drive under the influence or recklessly in violation of the law. Rather, it was required to prove beyond a reasonable doubt only that while intoxicated, he drove and drove crossing over the center and side lines of the roadway, intending such acts. Id. To this end, the stipulated evidence was clearly sufficient. See OCGA § 16-2-6 (criminal intent may be inferred from the "words, conduct, demeanor, motive, and all other circumstances connected with the act for which the accused is prosecuted"); see also *K-Mart Corp. v. Coker*, 261 Ga. 745, 747 (2) (410 SE2d 425) (1991), citing *Lee v. State*, 102 Ga. 221, 223 (29 SE 264) (1897) (intent "may be inferred from the circumstances [or] ascertained by acts and conduct").

Neither did error obtain at the bench trial of the case upon the trial court's failure to credit Crossley's proffer of evidence purporting to establish his involuntary intoxication defense. A trial judge sitting alone is presumed to know the law. *Pardo v. State*, 215 Ga. App. 317, 319 (7) (450 SE2d 440) (1994). "Absent a showing to the contrary, the proceedings in the trial court are presumed to have been conducted in a regular and legal manner. [Cit.]" *Cox v. City of Lawrenceville*,

---

[5] "A wrong prohibited; a thing which is wrong because prohibited; an act which is not inherently immoral, but becomes so because its commission is expressly forbidden by positive law; an illegality resulting from positive law." Black's Law Dictionary (6th ed. 1990), p. 960.

168 Ga. App. 119-120 (1) (308 SE2d 224) (1983). Having correctly ruled Crossley's involuntary intoxication defense irrelevant and inadmissible, although for the wrong reason, see note 4, supra, the state court presumably did not credit it as raising a defense in its deliberations. No error obtained on this account. *Cox v. City of Lawrenceville*, supra. "In a bench trial, the trial court sits as the trier of fact and its findings cannot be set aside unless they are clearly erroneous. OCGA § 9-11-52 (a)." *James F. Nelson, Jr. Family Limited Partnership v. Miller*, 267 Ga. 466, 467 (479 SE2d 737) (1997). This is not such a case.

Accordingly, the trial court did not err in not allowing Crossley to present his involuntary intoxication defense to the jury, and no error obtained for its apparent failure to credit it at the bench trial of the case.

*Judgment affirmed. Johnson, P. J., and Mikell, J., concur.*

DECIDED MAY 13, 2003.

*Virgil L. Brown & Associates, Larkin M. Lee*, for appellant.
*Charles A. Spahos, Solicitor-General, Lydia M. Ferguson, Assistant Solicitor-General*, for appellee.

